842 February 12, 2025 No. 107

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

John F. WILLIAMS, JR.
and Joan Williams,
*Petitioners-Appellants,*

*v.*

Jakob WILEY,
City Recorder for Oregon City,
and City Commission of Oregon City,
a municipal governing body,
*Respondents-Respondents.*

Clackamas County Circuit Court
23CV06673; A181354

Ann M. Lininger, Judge.

Argued and submitted January 14, 2025.

Jesse A. Buss argued the cause for appellants. Also on the briefs was Willamette Law Group.

William K. Kabeiseman argued the cause for respondents. Also on the brief were Carrie A. Richter and Bateman Seidel Miner Blomgren Chellis & Gram, P.C.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Appeal dismissed as moot.

**JACQUOT, J.**

In this municipal ballot measure election case, petitioner challenged a proposed ballot title and associated explanatory statement put forward by respondents in the Oregon City May 2023 special election.[1] She appeals from a judgment in the expedited proceeding in which the trial court modified the ballot title but declined to modify the explanatory statement. She argues that the trial court erred because it had the authority and obligation to modify the explanatory statement. We conclude that this appeal is moot, and we decline to exercise our discretion to review the appeal under the authority in ORS 14.175. Thus, we dismiss.

Cases "in which a court's decision no longer will have a practical effect on or concerning the rights of the parties will be dismissed as moot." *Eastern Oregon Mining Association v. DEQ*, 360 Or 10, 15, 376 P3d 288 (2016) (brackets and internal quotation marks omitted). However, under ORS 14.175, this court can decide a moot challenge to an act of a public body or official if "(1) the party that commenced the action had standing to commence it, (2) the challenged act *** is capable of repetition, and (3) the challenged act is likely to evade judicial review in the future." *Harisay v. Atkins*, 295 Or App 493, 496, 434 P3d 442 (2018), *aff'd sub nom Harisay v. Clarno*, 367 Or 116, 474 P3d 378 (2020) (paraphrasing ORS 14.175). It is a matter of this court's discretion whether to review a moot issue, even when all ORS 14.175 elements are met. *Id.* In deciding whether to exercise our discretion, we may consider whether the challenged act is "likely to arise *often*," and we may also consider whether a future case "might present a more developed record or more thoroughly developed arguments." *Eastern Oregon Mining Assoc. v. DEQ*, 285 Or App 821, 831, 398 P3d 449 (2017), *aff'd*, 365 Or 313, 445 P3d 251 (2019), *cert den*, ___ US ___, 141 S Ct 111, 207 L Ed 2d 1052 (2020) (emphasis in original).

---

[1] ORS 250.285(1) provides: "When the city governing body refers a measure to the people, a ballot title for the measure may be prepared by the body. The ballot title shall be filed with the city elections officer."

ORS 251.345 provides: "Not later than the date specified by the Secretary of State, in a county that prepares a county voters' pamphlet, the governing body for any electoral district that has referred a measure to the voters shall submit an impartial, simple and understandable statement explaining the measure and its effect."

Assuming that we have discretion under ORS 14.175 to review this appeal, we decline to do so. Petitioner argued that the trial court had the authority and the obligation to modify both the ballot title and explanatory statement under ORS 250.296(1), which allows an elector to challenge, and the court to review and certify, a proposed ballot title.[2] We cannot determine the basis on which the trial court relied for its decision not to modify the explanatory statement, which in itself weighs against exercising our discretion to address the issue of whether a trial court can modify an explanatory statement in this case.[3] The trial court did not consider petitioner's alternative arguments.[4] Should this issue arise again, "we leave the parties' novel questions of statutory construction to a future case in which those questions can be resolved in the first instance" by the lower court. *See Dept. of Human Services v. T. J. N.*, 371 Or 650, 672, 540 P3d 540 (2023).

Appeal dismissed as moot.

---

[2] ORS 250.296(1) provides:

"Any elector dissatisfied with a ballot title filed with the city elections officer by the city attorney or the city governing body, may petition the circuit court of the judicial district in which the city is located seeking a different title and stating the reasons the title filed with the court is insufficient, not concise or unfair. ***. The court shall review the title and measure to be initiated or referred, hear arguments, if any, and certify to the city elections officer a title for the measure which meets the requirements of ORS 250.035."

[3] ORS 251.235 explicitly authorizes challenges to explanatory statements for state-wide measures: "Any person dissatisfied with an explanatory statement for which suggestions were offered at the Secretary of State's hearing under ORS 251.215 may petition the Supreme Court seeking a different statement and stating the reasons the statement filed with the court is insufficient or unclear." There is no comparable statute explicitly authorizing challenges to explanatory statements for local measures.

[4] Petitioner argued that the trial court had authority to modify the explanatory statement under ORS chapter 28 (the "Uniform Declaratory Judgment Act"), and in her amended petition for review, petitioner raised a claim under ORS 246.910(1). The trial court did not reach those arguments, and we will not do so for the first time in this appeal.